[No. 3176.]

GUS. RUTHERFORD *v.* THE STATE.

1. MANSLAUGHTER—CHARGE OF THE COURT—PRACTICE.—When the evidence adduced on a trial for murder tends to raise the issue of manslaughter, it is the duty of the trial judge to charge the law of that offense, regardless of his own opinion as to whether or not such evidence will justify a conviction for manslaughter.

2. SAME.—HABEAS CORPUS is available to a defendant whose constitutional right to a trial in due course of law is withheld from him an unreasonable length of time.

APPEAL from the Criminal District Court of Harris.    Tried below before the Hon. Gustave Cook.

This is a second appeal from a conviction of murder in the second degree upon an indictment which charged the murder of John Williams *alias* John Wilson, in Harris county, Texas, on

the fifth day of August, 1883. The penalty imposed was a term of five years in the penitentiary. The evidence upon which the conviction is had is substantially the same as that adduced on the former trial, and will be found reported at length on page 236 of the fifteenth volume of these Reports.

*P. K. Ewing,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. This case was once before considered by this court on appeal, and the judgment of conviction was reversed, and the cause remanded for a new trial. It was reversed and remanded because, in the opinion of this court, the trial judge erred in failing to charge the jury the law of manslaughter. We gave our views of the case fully in the opinion of the court delivered at that time, and we shall not reiterate them here. On this appeal we find that the evidence before us is substantially the same as on the former appeal, and the trial judge again failed to charge the law of manslaughter, although specially requested by the defendant so to do.

In refusing the special charge asked, the judge states his reasons for so doing as follows: "This charge is refused, it being the opinion of the court that the reason given in the opinion of the Court of Appeals for its reversal is based upon a statement of evidence which, if believed by the jury to be true, entitled the defendant to an acquittal, and they were so instructed by this court. Such a state of case is so manifestly self-defense that I cannot believe the Court of Appeals intended to say that it would justify a verdict of manslaughter. Therefore, with the highest respect for the Court of Appeals, under my sense of duty, the law and my conscience, I refuse to give this charge."

This court was not, we think, mistaken in the facts of the case as presented to us in the record. We have again closely examined those facts on this appeal, and we still think that a charge upon the law of manslaughter is demanded by the evidence. We have never held, as the learned judge seems to think we have, that the evidence would justify a verdict for manslaughter. It was not and is not our province to determine that question when considering the law of the case, nor was, or is it, the province of the trial judge to determine that question when instructing the jury. That was a question exclusively

for the jury to decide. His idea seems to be that if the evidence, *in his opinion*, would not justify a verdict of manslaughter, then he ought not to charge the law of that offense. Such is not the rule of the law. If there is evidence in the case tending to raise the issue of manslaughter, it is the duty of the trial judge to charge the law of that offense, regardless of his own opinion as to whether or not such evidence would justify a conviction for said offense. It is the business of the jury and not the court to pass upon the sufficiency of the evidence. Our constitution and laws guarantee a citizen charged with felony the right of trial by jury, and it is made the duty of the jury, and not of the judge, to pass upon the credibility of the witnesses and determine the weight of the testimony.

It is made the duty of the judge to instruct the jury in the law of the case, correctly and fully, as applicable to the evidence, and to every phase of the case as presented by the evidence. When the judge assumes the power of determining the sufficiency of the evidence to support an issue presented by it, and refuses to charge the law relating to that issue, he invades the exclusive province of the jury, and denies to the citizen on trial the full benefit of the trial by jury, and thus deprives him of a trial by due course of the law of the land.

Our views of this case having undergone no change since our former opinion, we must say that, with the highest respect for the learned trial judge, *under our sense of duty, the law and our consciences, we refuse to let this conviction stand,* and we reverse the judgment, and again remand the cause for a new trial in accordance with what we believe to be the law of the case.

If this defendant cannot have a trial by due course of the law of the land; if this constitutional right is withheld from him for an unreasonable length of time, the remedy by *habeas corpus* is within his reach.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered June 27, 1884.